| | |
|---|---|
| DENVER COUNTY DISTRICT COURT, STATE OF COLORADO<br>Court Address:        1437 Bannock Street<br>                              Denver, Colorado 80202<br>Phone Number:      720-865-8301 | DATE FILED: March 8, 2023 2:45 PM<br>FILING ID: 4F0CF03DD21B5<br>CASE NUMBER: 2023CV30746 |
| Plaintiff:  **CALVIN WANNER**<br><br>v.<br><br>Defendant:  **SAFECO INSURANCE** | ▲ Court Use Only ▲ |
| *Attorney for Plaintiff*<br>David W. Krivit, # 25916<br>KRIVIT LAW<br>44 Cook Street, Suite 100<br>Denver, Colorado  80206<br>Phone Number: 303-800-1225<br>Fax Number:    720-713-6378<br>E-mail address:  david@krivitlaw.com | Case Number:<br><br>Courtroom: |
| **CIVIL COMPLAINT** | |

Plaintiff, Calvin Wanner, by and through his attorneys, KRIVIT LAW, hereby submits the following Civil Complaint:

## GENERAL ALLEGATIONS

1. Plaintiff is a resident of Denver County, Colorado, with an address of 1827 Pearl Street, Denver, Colorado 80203.

2. Defendant is an insurance company that does business in Denver County.

3. Venue is proper in Denver County, Colorado pursuant to C.R.C.P. 98(c)(5), as the torts alleged occurred in Denver County, and the contract was entered into in Denver County.



1

# FACTUAL ALLEGATIONS

4. Plaintiff is the owner of a single-family residence (the "House"), located at 1827 Pearl Street, Denver, Colorado, 80203.

5. The House has a flat roof, which is somewhat unique for a residential house.

6. The House was purchased by Plaintiff on December 6, 2019.

7. Plaintiff purchased homeowners insurance for the House, through Defendant.

8. Plaintiff specifically relied upon Defendant's promises made as part of its homeowners coverage to insure, protect and fix the house from covered losses, including damage to the roof.

9. Prior to purchasing the House, Plaintiff hired a general home inspector, Rose Inspection Co., to inspect the house, including the roof. The inspector found zero issues with the roof, its condition, or its workmanship.

10. In addition, at that time, because the roof was flat, Plaintiff hired Kyle Beers of Stone Creek Roofing Company, to provide a second roof inspection. Mr. Beers inspected the roof in December, 2019 and he also found zero issues with the roof, its condition or its workmanship.

11. In August of, 2022, the House was inundated with a high level of water, and wind, due to several heavy rainstorms. The rainstorms were unique and rare for the Denver area, because of the exceptionally heavy amount of rainfall and wind.

12. As a direct result of this rare event, Plaintiff's house suffered damages, as water leaked through the roof.

13. Damages were incurred in the following areas of the House:

    a. Roof
    b. Master Bath, including shower, walls and ceiling

    c. Kitchen
    d. Pantry
    e. Basement

14. As of the date of the filing of this Complaint, the roof has not been fixed, patched or adjusted in any way.

15. Plaintiff contacted Defendant and opened a homeowner's claim on.

16. Defendant has inspected the House and has been provided with all of the repair estimates, inspection reports and other relevant records and documents.

17. Plaintiff's roofing professionals have recommended repairs to the roof at an estimated cost of $24,644.63.

18. These repairs are for damage to the roof, caused by the August 2022 storms.

19. None of Plaintiff's roofing professionals have ever indicated that the roof has any workmanship problems.

20. Pursuant to Denver Building Code, the entire roof needs to be replaced.

21. The damaged portions of the interior of the House are currently waiting to be repaired. However, Plaintiff's construction professionals have strongly advised against repairing those interior portions, until the roof is fixed. This is because, if the roof is not fixed first, another rainstorm may simply ruin the interior repairs.

22. Defendant has already approved some repair costs for the interior of the House.

23. Plaintiff has fully complied with all requests made by Defendant and Plaintiff has performed all terms and conditions precedent pursuant to his insurance policy with Defendant.

24. Defendant has refused and declined to pay for any repairs to the roof.

25. Defendant alleges that the roof leaked, solely as the result of faulty workmanship of the roof.

26. However, to date, despite request from Plaintiff, Defendant has never explained, detailed or itemized what workmanship problems existed with the roof, nor what component parts of the roof failed.

27. Defendant has no reasonable basis to deny covering repairs and/or replacement of the roof.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

28. At all times material, Plaintiff was insured with Defendant for general homeowners coverage.

29. Plaintiff was and still is current with payment of all premiums under Defendant's homeowners policy.

30. Plaintiff has performed all duties and conditions precedent required by the homeowners policy.

31. Defendant breached Plaintiffs' insurance policy contract by failing to pay insurance benefits that are owed as a result of a covered cause of damage.

32. Plaintiff suffered damages expenses and loses as a result of Defendant's breach of the homeowners insurance policy contract.

33. Defendant is liable to Plaintiff as a result of its breach of contract.

**SECOND CLAIM FOR RELIEF**
Insurance Bad Faith

34. Defendant owed Plaintiff a duty to act in good faith in paying Plaintiff benefits owed under the homeowners policy.

35. Defendant knew that insurance benefits under the homeowners policy were owed and have not been paid.

36. Defendant intentionally refused to pay such benefits, knowing that their conduct was unreasonable in refusing to pay.

37. Plaintiff remains uncompensated by Defendant causing Plaintiff to suffer damages, expenses and costs.

38. Defendant is liable to Plaintiff as a result of its bad faith breach of insurance contract and unfair claims handling practices.

39. By committing the acts set forth in this pleading, Defendant violated and continues to violate Colorado's Unfair Competition - Deceptive Practices Act, C.R.S. 10-3-1101.

**THIRD CLAIM FOR RELIEF**
Unreasonable Denial and Delay - C.R.S. 10-3-1116

40. Defendant has denied payment to Plaintiff for repair or replacement of the roof, which is owed to Plaintiff pursuant to the homeowners policy.

41. Defendant's denial is unreasonable, as Plaintiff has provided detailed professional information that the roof was damaged during the storms, and it was not built with faulty workmanship.

42. Pursuant to C.R.S. 10-3-1116, as a result of Defendant's unreasonable denial and the resulting delay in paying Plaintiff the insurance benefits owed, Plaintiff is entitled to attorney fees, court costs and three times the covered benefits.

WHEREFORE, the Plaintiff, prays for this Court to enter Judgment against the Defendant in an amount to be determined at trial and for statutory and common law costs, pre-judgment and post-judgment interest, past and future economic damages, expert witness fees, and for such other and further relief as the Court may deem just and proper.

DATED this 8th day of March, 2023.

                                        Respectfully submitted,
                                        KRIVIT LAW

                                        */s /David W. Krivit*, #25916
                                        *Attorney for Plaintiff*